UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANSURY CASTILLO RAMIREZ,

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

No. 1:26-cv-06319-DAD-JDP (HC)

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On August 10, 2026, petitioner filed a *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for a temporary restraining order ("TRO"). (Doc. No. 2). On August 11, 2026, this court ordered respondent to file a response to petitioner's TRO motion and directed respondent to indicate whether it opposed this court from also ruling on the underlying *habeas* petition based on the briefing presently before it. (Doc. No. 4.) Respondent filed a response on August 13, 2026, explaining that this case was not different from other cases in which this court had ordered an immigration detainee's immediate release and that 8 U.S.C. § 1226(a) governed petitioner's current detention in light of the Ninth Circuit's recent decision in *Rodriguez Vazquez v. Bostock*, – F.4th –, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). (Doc. No. 6 at 1.) Respondent did not express any opposition to this court ruling on petitioner's *habeas* petition at this time. Nonetheless,

respondent states that the proper way to dispose of this case is to order a custody redetermination hearing before an immigration judge ("IJ"), as opposed to petitioner's requested relief of immediate release from immigration detention. (*Id.*)

The facts of this case are these. Petitioner is a citizen of Cuba. (*Id.* at 4.) Petitioner states that immigration authorities released him upon his arrival to the United States on his own recognizance. (Doc. No. 1 at 9.) The documents in the record support the conclusion that petitioner had previous contact with immigration authorities given the November 2025 notice to appear document submitted by respondent. (Doc. No. 6 at 7-9.) Petitioner's current immigration detention relates to him being detained by local law enforcement in July 2026 due to an arrest for driving under the influence ("DUI") and then being subsequently handed over to immigration authorities. (Doc. No. 1 at 9.)

Courts, including this one, *see Zurita Navarro v. Warden, Central Valley Annex Detention Facility*, No. 1:26-cv-05661-DAD-SDR, 2026 WL 2294963 (E.D. Cal. Aug. 9, 2026), have found the following circumstances, amongst others, to constitute violations of the requirements of 8 U.S.C. § 1226(a): (1) failure to provide the petitioner with an initial custody determination either prior to or contemporaneously with detention, *Gopie v. Lyons*, No. 25-cv-05229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025) ("By not making a prior or contemporaneous determination of custody, ICE failed to provide pre-deprivation process required in this setting. . . . ICE Does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here."); (2) failure to provide the petitioner an opportunity to demonstrate to the immigration officer that release would not pose a danger to property or persons and that the petitioner is likely to appear for future proceedings, *Terrero v. Tsoukaris*, No. 26-cv-00869-NCM, 2026 WL 607917, at *3 (E.D.N.Y. Mar. 4, 2026) ("Custody determinations made under § 1226(a) without any opportunity for the detainee to demonstrate his suitability for release are not lawful even if they were based on information particular to the detainee."); and (3) failure to provide the petitioner with the basis for the petitioner's continued detention. *See Quijay Garcia v. Mattos*, No. 2:26-cv-01205-RFB-BNW, 2026 WL 1972386, at *5–8 (D. Nev. July 8, 2026) ("Under the government's current procedures, however, because Petitioner was not

afforded an initial custody determination, the subsequent bond hearing he was provided required to *guess* the basis for ICE's determination that he is dangerous or a flight risk and then disprove it. . . . Thus, a post-deprivation bond hearing before an IJ is structurally inadequate to cure the risk of erroneous deprivation created by the lack of pre-deprivation process under the government's current procedures."). Those requirements were not met here and, as a result, the court concludes that immediate release is the appropriate remedy here. *See Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083, at *5 (E.D. Cal. Nov. 21, 2025) (ordering the release of a petitioner who was previously released into the United States and re-detained without a pre-deprivation hearing).

For the reasons explained above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Ansury Castillo Ramirez, A No. 220-746-284, from respondent's custody;
    b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondent will have the burden of establishing that petitioner is either a flight risk or danger to the community by clear and convincing evidence;
2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting his *habeas* petition on the merits;

/////

/////

/////

/////

/////

/////

3. The Clerk of the Court is directed to serve a copy of this order on the warden of the California City Immigration Processing Center; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **August 17, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE